IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  10-cv-01293-PAB-KLM

ALI ALSUBAIE, an individual, and
SUWAYYIR SAAD ALSUBAIE, an individual (as the biological father and mother and legal guardians of Decedent, LAMAR ALSUBAIE, their female, infant daughter),

     Plaintiffs,

v.

HCA INC., also known as HEALTHTRUST, INC., also known as Hospital Corporation of America, a Delaware Corporation officially registered with the United States Securities and Exchange Commission as "HCA, Inc." Its [EXACT NAME] - pursuant to its charter and S.E.C. regulations, with its "principle executive office:" located in Nashville, Tennesse;
HCA - HealthONE LLC ("Principle Mailing Address" Nashville, Tennesee), also known as HealthONE including or also known as HealthONE CLINIC SERVICES - CARDIOVASCULAR, LLC, as HealthONE CLINIC SERVICES - MEDICAL SPECIALTIES, LLC, HealthONE CLINIC SERVICES - OBSTETRICS AND GYNECOLOGY, LLC, HealthONE CLINIC SERVICES - PEDIATRIC SPECIALTIES, LLC, HealthONE CLINIC SERVICES - PRIMARY CARE, LLC, HealthONE CLINIC SERVICES - SURGICAL SPECIALTIES, LLC, and/or HealthONE CLINIC SERVICES LLC, all of which are HCA Inc.'s wholly owned and controlled d/b/a/ for a group of hospitals, miscellaneous medical facilities, by means of joint venture, "affiliation" and/or other legal relation;
HCA - HealthONE LLC ROSE MEDICAL CENTER, an Affiliate;
DR. PAMELA GEWINNER, M.D., individually and as an Employee/Agent of HCA, INC., and HealthONE LLC and Rose Medical Center;
DR. JOE TONEY, M.D., individually and as an Employee/Agent of HCA, INC., and HealthONE LLC and Rose Medical Center;
DR. JANIS JOHNSON, M.D., individually and as an Employee/Agent of HCA, INC., and HealthONE LLC and Rose Medical Center;
DR. RICHARD CHRISTOPHER ROMERO, M.D., individually and as an Employee/Agent of HCA, INC., and HealthONE LLC and Rose Medical Center;
DR. GARRETT M. GANNUCH, M.D., individually and as an Employee/Agent of HCA, INC., and HealthONE LLC and Rose Medical Center;
DR. JOHN C. ROTH M.D., individually and as an Employee/Agent of HCA, INC., and HealthONE LLC and Rose Medical Center;
DR. ROTHENBURG, M.D., individually and as an Employee/Agent of HCA, INC., and HealthONE LLC and Rose Medical Center;
DR. SUZANNE YODER, M.D., individually and as an Employee/Agent of HCA, INC., and HealthONE LLC and Rose Medical Center;
DR. BRUCE BLYTH, M.D., individually and as an Employee/Agent of HCA, INC., and HealthONE LLC and Rose Medical Center;
BARBARA H, ROBEDEE, R.N., individually and as an Employee/Agent of HCA, INC., and

HealthONE LLC and Rose Medical Center;

MELISSA S. GIEK, R.N., individually and as an Employee/Agent of HCA, INC., and HealthONE LLC and Rose Medical Center;

CHRISTEL CIPRI, certified surgical technician, individually and as an Employee/Agent of HCA, INC., and HealthONE LLC and Rose Medical Center;

LINDSAY HIETT, R.N., individually and as an Employee/Agent of HCA, INC., and HealthONE LLC and Rose Medical Center;

COREY J. MALECKI, Assistant, individually and as an Employee/Agent of HCA, INC., and HealthONE LLC and Rose Medical Center;

MICHELLE F. JASKUNAS, C.N., individually and as an Employee/Agent of HCA, INC., and HealthONE LLC and Rose Medical Center;

CHERYL GRAY, R.N., individually and as an Employee/Agent of HCA, INC., and HealthONE LLC and Rose Medical Center;

A. SMITH, R.N., individually and as an Employee/Agent of HCA, INC., and HealthONE LLC and Rose Medical Center; and

DR. WES TYSON, PEDIATRIC PATHOLOGIST, individually and as an Employee/Agent of HCA, INC., and HealthONE LLC and Rose Medical Center,

       Defendants.

_____

## RECOMMENDATION AND ORDER OF MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on an Order to Show Cause issued December 16, 2010 [Docket No. 94]. A Scheduling Conference was held on December 16, 2010 at 10:00 a.m. and Plaintiffs, who are represented by counsel Charles R. Free, failed to appear and failed to participate in the preparation of the proposed Scheduling Order [Docket No. 95]. Mr. Free has previously been warned by separate Order to Show Cause issued by the District Judge assigned to this matter about his failure to comply with the Local Rules and his failure to prosecute the present action [Docket Nos. 8 & 14]. Although the prior Order to Show Cause was ultimately discharged, the District Judge warned Plaintiffs' counsel that any future unresponsiveness or failure to follow the Local Rules would not be ignored [Docket No. 20].

In addition to this history, the Court notes that Plaintiffs have failed to comply with several Court Orders [Docket Nos. 3, 23, 37 & 94][1] and failed to respond to several dispositive motions. Defendants also indicate that despite repeated efforts to contact Plaintiffs' counsel, he has failed to respond [Docket No. 86]. Finally, the Court notes that Plaintiffs have failed to serve Defendant HCA Inc. and their time for doing so has now expired under either the deadline set by Fed. R. Civ. P. 4(m) or the deadline for service proposed by Plaintiffs' counsel [Docket Nos. 22 & 23].

On December 16, 2010, the Court ordered Plaintiffs to show cause why their case should not be dismissed for failure to prosecute and failure to comply with Court Orders pursuant to Fed. R. Civ. P. 41(b). *Order* [#94] at 3. The Court also ordered Plaintiffs to show cause why their counsel should not be sanctioned for his failure to diligently pursue the present action. *Id.* The deadline for Plaintiffs to respond was December 30, 2010. No response was received. The Court clearly warned Plaintiffs that failure to timely respond and show cause for neglect of the case and failure to comply with prior Court Orders could result in dismissal of the case with prejudice and imposition of sanctions on counsel.

## I. Recommendation

### A.    Dismissal with Prejudice

Given Plaintiffs' failure to prosecute their case and comply with Court Orders, the Court considers whether the case should be dismissed with prejudice as a sanction

---

[1] Order Nos. 3, 23 & 37 direct Plaintiffs to participate in preparing for the Scheduling Conference, to attend the Scheduling Conference, and to move for the Scheduling Conference to be reset if they cannot. Order No. 94 directs Plaintiffs to show cause.

pursuant to Fed. R. Civ. P. 41(b).[2]  *See Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007) (noting that a district court has inherent authority to consider *sua sponte* whether a case should be involuntarily dismissed due to plaintiffs' failure to prosecute); 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2369, at 576-77 & n.1 (3d ed. 2008); D.C.COLO.LCivR 41.1 ("If good cause is not shown within the time set in the show cause order, a district judge or magistrate judge exercising consent may enter an order of dismissal with or without prejudice.").

In *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (internal quotations and citations omitted), the Court of Appeals for the Tenth Circuit enumerated the factors to be considered when evaluating grounds for dismissal of an action: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions."[3]  *See also Gates Rubber Co. v. Bando Chems. Indus.,* 167 F.R.D. 90, 101 (D. Colo. 1996).  "[D]ismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'" *Ecclesiastes 9:10-*

---

[2] While the Court could recommend dismissal solely on the basis of Fed. R. Civ. P. 4(m) in relation to Defendant HCA Inc., such dismissal would be without prejudice.  Given Plaintiffs' neglect of their case on a broader scale, the Court considers whether dismissal with prejudice pursuant to Fed. R. Civ. P. 41(b) would be more appropriate as to all Defendants.

[3] The Court notes that the standards for dismissal pursuant to Fed. R. Civ. P. 37 and 41(b) are essentially the same.  *See Mobley v. McCormick*, 40 F.3d 337, 340-41 (10th Cir. 1994) ("[W]e see no principled distinction between sanctions imposed for discovery violations and sanctions imposed [pursuant to Rule 41(b), and] . . . involuntary dismissals should be determined by reference to the *Ehrenhaus* criteria.").

*11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1144 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 921).

### 1.     Prejudice to Defendants

After carefully reviewing the case file, the Court finds that Plaintiffs' neglect of this case has prejudiced Defendants.  Defendants expended time and resources to appear at two Scheduling Conferences, one where Plaintiffs appeared but failed to ready their case to proceed [Docket No. 19] and one where Plaintiffs failed to appear or assist in the preparation of a proposed Scheduling Order [Docket No. 95].[4]  The Court also notes that Plaintiffs were directed to consider whether to voluntarily dismiss many of the individually-named Defendants to avoid pursuing the case against a large number of potentially unnecessary litigants.  *See Order to Show Cause* [#19] at 2.  Plaintiffs declined to do so [Docket No. 22]. Despite serving a majority of the Defendants, Plaintiffs have failed to prosecute this case in a diligent manner including their failure to file any substantive pleading since November 4, 2010 [Docket No. 67].[5]

Defendants also expended time and resources to prepare a multitude of pleadings and other Court-required documents to defend against claims which Plaintiffs are apparently no longer interested in prosecuting.  For example, Defendants have filed fifteen

---

[4] Pursuant to D.C.COLO.LCivR 16.1, "Plaintiff shall prepare the proposed scheduling order."  According to Defendants, "three separate attempts were made to contact Plaintiffs' counsel . . . with regard to the proposed Scheduling Order.  Plaintiffs' counsel never responded." *Proposed Scheduling Order* [#86] at 2.  Defendants thus prepared the proposed Scheduling Order without input from Plaintiffs.

[5] On November 10, 2010, one of Plaintiffs' counsel was given leave to withdraw his representation [Docket No. 79] due to the development of "irreconcilable differences" and Plaintiffs' desire "to be represented by co-counsel Charles R. Free" [Docket No. 74].

dispositive motions [Docket Nos. 7, 64, 73, 76, 77, 80-83, 87-92].  Other than the first

Motion to Dismiss filed on July 21, 2010, Plaintiffs have failed to respond to the pending

motions [Docket No. 13].[6]  The issues raised in the dispositive motions primarily relate to

the statute of limitations and Plaintiffs' failure to file a certificate of review as required by

Colo. Rev. Stat. § 13-20-602.  Without passing judgment on the merits of the motions, the

Court notes that the defenses raised are well supported by legal authority and do not

appear to be frivolous.

In addition, as noted above, Defendants were forced to prepare the proposed

Scheduling Order without assistance from Plaintiffs noting that "[t]hree separate attempts

were made to contact Plaintiffs' counsel, Charles R. Free[, but] Plaintiffs' counsel never

responded." *Proposed Scheduling Order* [#86] at 2.  Defendants also drafted confidential

settlement statements (on file with the Court) detailing their impressions of the case and

the likelihood of settlement.  All of the above-referenced efforts necessitated the expense

of time and effort on behalf of Defendants.  Given Plaintiffs' failure to participate in this case

for more than two months, and their most recent failure to participate in preparation of a

proposed Scheduling Order and attend the Scheduling Conference such that the case can

progress, I find that Defendants have been prejudiced.

### 2.     Interference with the Judicial Process

The Court finds that Plaintiffs' failure to prosecute their case, and specifically their

failure to appear at the December 16, 2010 Scheduling Conference and to comply with at

least four Court Orders [##3, 23, 37 & 94], necessarily interferes with the effective

---

[6] The Court notes that the first response filed by Plaintiffs was stricken for failure to
comply with the Local Rules [Docket Nos. 11 & 12].

administration of justice.  The issue here "is respect for the judicial process and the law."

*See Cosby v. Meadors*, 351 F.3d 1324, 1326-27 (10th Cir. 2003).  Plaintiffs' failure to

attend the Scheduling Conference and comply with my prior Orders evidences a lack of

respect for the Court and the judicial process.  In addition, the Court's need to frequently

review the case file and issue the Order to Show Cause [#94] and this Recommendation,

in addition to the District Judge's efforts to seek compliance from Plaintiffs [##8, 12, 14, 20],

which were necessitated by Plaintiffs' neglect and lack of diligence, increases the workload

of the Court and takes its attention away from other matters where the parties have fulfilled

their   obligations   and   are   deserving   of   prompt   resolution   of   their   issues.    "This

[Recommendation]  is  a  perfect  example  [of  additional  work  created  for  the  Court],

demonstrating  the  substantial  time  and  expense  required  to  perform  the  legal  research,

analysis, and writing to craft this document."  *Lynn v. Roberts*, No. 01-cv-3422-MLB, 2006

WL 2850273, at *7 (D. Kan. Oct. 4, 2006) (unpublished decision).

### 3.     Culpability of Plaintiffs

Plaintiffs have, without any reasonable excuse, ignored Court Orders [##3, 23, 37

& 94] and failed to move their case forward.  Specifically, Plaintiffs have failed to show

cause why their case should not be dismissed.  In addition, they have not provided any

justification for their failure to appear at the Scheduling Conference on December 16, 2010

and their failure to submit a Confidential Settlement Statement or participate in the drafting

of the proposed Scheduling Order.  From this history, the Court concludes that Plaintiffs'

litigation failures are willful.

To the extent that Plaintiffs' failures are attributable to counsel's conduct rather than

their own, that is the price Plaintiffs must pay for their voluntary selection and retention of

this counsel. *See, e.g., Link v. Wabash R.R.*, 370 U.S. 626, 633-34 (1962) (upholding dismissal of a case with prejudice based on the unexcused inactivity of counsel).

> There is certainly no merit to the contention that [a sanction on the client] because of his counsel's unexcused conduct imposes an unjust penalty on the client. [The client] voluntarily chose this attorney as his representative . . ., and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have "notice of all facts, notice of which can be charged upon the attorney."

*Id.* (quoting *Smith v. Ayer*, 101 U.S. 320, 326 (1879)). To the extent that counsel's conduct has caused or contributed to the eventual termination of the case here, "the client's remedy is against the attorney in a suit for malpractice. But keeping this suit alive merely because [Plaintiffs] should not be penalized for the omissions of [their] own attorney would be visiting the sins of [Plaintiffs'] lawyer upon [Defendants]." *Id.* at 634 n.10; *see also Nelson v. Boeing Co.*, 446 F.3d 1118, 1121 (10th Cir. 2006) (noting that "sins of a plaintiff's lawyer" should not be borne by defendant (citation omitted)).

### 4.     Advance Notice of Sanction of Dismissal

Plaintiffs were warned by the Court that they risked dismissal of their case if they failed to move it forward. *Order to Show Cause* [#94]. Furthermore, Plaintiffs are represented by counsel who is rightfully presumed to know the penalty for failing to comply with the rules of the Court or Court Orders. Accordingly, Plaintiffs had sufficient notice that their failure to prosecute their case could result in the sanction of dismissal.

### 5.     Efficacy of a Lesser Sanction

Finally, the Court concludes that no sanction less than dismissal would be effective. Nothing in the record before the Court excuses Plaintiffs' neglect. Given that Plaintiffs have

failed to contact the Court since November 2010; Plaintiffs' counsel has failed to respond to attempts to contact him; Plaintiffs have been warned in the past about their lack of diligence and failure to comply with the rules of the Court with no positive result; and Plaintiffs have failed to move this case beyond the preliminary scheduling phase despite the case's pendency for more than six months, anything less than dismissal would be inadequate.  For example, a sanction excluding certain evidence or testimony from trial would likely have no impact as it is abundantly clear that this case may never proceed to trial.  In addition, while the Court also recommends that pursuant to Fed. R. Civ. P. 16(f), Plaintiff's counsel be ordered to pay the costs and fees incurred by Defendants in attending the December 16, 2010 Scheduling Conference, this monetary sanction alone does not adequately address the level of prejudice resulting from Plaintiffs' lack of diligence here. Under these circumstances, no lesser sanction is warranted and dismissal is the appropriate result.

### B.      Sanction on Plaintiffs' Counsel

As noted above, I also recommend that Plaintiffs' counsel be ordered to pay the reasonable expenses incurred by Defendants in preparing for and attending the December 16, 2010 Scheduling Conference.  Pursuant to Fed. R. Civ. P. 16(f), which relates to the failure to appear at a scheduling or other pretrial conference, "the court must order the party, its attorney, or both to pay the reasonable expenses – including attorney's fees – incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust."  Neither Plaintiffs nor their counsel have provided any information which excuses their failure to attend the December 16, 2010 Scheduling Conference or suggested that a financial penalty

imposed on counsel would be unjust.   Because the failure to prepare a proposed Scheduling Order and to appear is counsel's alone, I recommend that he be required to reimburse Defendants for their reasonable expenses in relation to the December 16, 2010 Scheduling Conference.  Given the early stage of the litigation, I do not recommend that any other monetary sanctions be imposed.

## II.  Conclusion and Order

For the foregoing reasons,

IT IS HEREBY **ORDERED** that the Order to Show Cause [#94] be made **ABSOLUTE**.  Accordingly,

I RESPECTFULLY **RECOMMEND** that Plaintiffs' case against Defendants be **DISMISSED with prejudice** pursuant to Fed. R. Civ. P. 41(b).

I FURTHER **RECOMMEND** that pursuant to Fed. R. Civ. P. 16(f), Plaintiffs' counsel be ordered to pay the reasonable costs incurred by Defendants associated with preparing for and attending the December 16, 2010 Scheduling Conference.  To this end,

IT IS HEREBY **ORDERED** that within **ten (10) days** of the date of this Recommendation, Defendants shall submit affidavits and information in compliance with D.C.COLO.LCivR 54.3 regarding the reasonable fees and costs incurred in preparing for and attending the December 16, 2010 Scheduling Conference.  No motion for fees is necessary.  Plaintiffs shall file a response, if any, within **ten (10) days** of Defendants' submissions.  **No replies shall be permitted**.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have **fourteen (14) days** after service of this Recommendation to serve and file any written

objections in order to obtain reconsideration by the District Judge to whom this case is assigned.   A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).   A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review.  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  January 6, 2011

BY THE COURT:

s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge