IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  10-cv-01293-PAB-KLM

ALI ALSUBAIE, an individual, and
SUWAYYIR SAAD ALSUBAIE, an individual (as the biological father and mother and legal guardians of Decedent, LAMAR ALSUBAIE, their female, infant daughter),

    Plaintiffs,

v.

HCA INC., also known as HEALTHTRUST, INC., also known as Hospital Corporation of America, a Delaware Corporation officially registered with the United States Securities and Exchange Commission as "HCA, Inc." Its [EXACT NAME] - pursuant to its charter and S.E.C. regulations, with its "principle executive office:" located in Nashville, Tennesse;
HCA - HealthONE LLC ("Principle Mailing Address" Nashville, Tennesee), also known as HealthONE including or also known as HealthONE CLINIC SERVICES - CARDIOVASCULAR, LLC, as HealthONE CLINIC SERVICES - MEDICAL SPECIALTIES, LLC, HealthONE CLINIC SERVICES - OBSTETRICS AND GYNECOLOGY, LLC, HealthONE CLINIC SERVICES - PEDIATRIC SPECIALTIES, LLC, HealthONE CLINIC SERVICES - PRIMARY CARE, LLC, HealthONE CLINIC SERVICES - SURGICAL SPECIALTIES, LLC, and/or HealthONE CLINIC SERVICES LLC, all of which are HCA Inc.'s wholly owned and controlled d/b/a/ for a group of hospitals, miscellaneous medical facilities, by means of joint venture, "affiliation" and/or other legal relation;
HCA - HealthONE LLC ROSE MEDICAL CENTER, an Affiliate;
DR. PAMELA GEWINNER, M.D., individually and as an Employee/Agent of HCA, INC., and HealthONE LLC and Rose Medical Center;
DR. JOE TONEY, M.D., individually and as an Employee/Agent of HCA, INC., and HealthONE LLC and Rose Medical Center;
DR. JANIS JOHNSON, M.D., individually and as an Employee/Agent of HCA, INC., and HealthONE LLC and Rose Medical Center;
DR. RICHARD CHRISTOPHER ROMERO, M.D., individually and as an Employee/Agent of HCA, INC., and HealthONE LLC and Rose Medical Center;
DR. GARRETT M. GANNUCH, M.D., individually and as an Employee/Agent of HCA, INC., and HealthONE LLC and Rose Medical Center;
DR. JOHN C. ROTH M.D., individually and as an Employee/Agent of HCA, INC., and HealthONE LLC and Rose Medical Center;
DR. ROTHENBURG, M.D., individually and as an Employee/Agent of HCA, INC., and HealthONE LLC and Rose Medical Center;
DR. SUZANNE YODER, M.D., individually and as an Employee/Agent of HCA, INC., and HealthONE LLC and Rose Medical Center;
DR. BRUCE BLYTH, M.D., individually and as an Employee/Agent of HCA, INC., and HealthONE LLC and Rose Medical Center;
BARBARA H, ROBEDEE, R.N., individually and as an Employee/Agent of HCA, INC., and

HealthONE LLC and Rose Medical Center;
MELISSA S. GIEK, R.N., individually and as an Employee/Agent of HCA, INC., and HealthONE LLC and Rose Medical Center;
CHRISTEL CIPRI, certified surgical technician, individually and as an Employee/Agent of HCA, INC., and HealthONE LLC and Rose Medical Center;
LINDSAY HIETT, R.N., individually and as an Employee/Agent of HCA, INC., and HealthONE LLC and Rose Medical Center;
COREY J. MALECKI, Assistant, individually and as an Employee/Agent of HCA, INC., and HealthONE LLC and Rose Medical Center;
MICHELLE F. JASKUNAS, C.N., individually and as an Employee/Agent of HCA, INC., and HealthONE LLC and Rose Medical Center;
CHERYL GRAY, R.N., individually and as an Employee/Agent of HCA, INC., and HealthONE LLC and Rose Medical Center;
A. SMITH, R.N., individually and as an Employee/Agent of HCA, INC., and HealthONE LLC and Rose Medical Center; and
DR. WES TYSON, PEDIATRIC PATHOLOGIST, individually and as an Employee/Agent of HCA, INC., and HealthONE LLC and Rose Medical Center,

    Defendants.
_____

## RECOMMENDATION OF MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Defendants' **Affidavits Seeking Attorneys' Fees and Costs** [Docket Nos. 97; Filed January 10, 2011], [Docket No. 98; Filed January 11, 2011], [Docket No. 100; Filed January 13, 2011], [Docket Nos. 103-104; Filed January 17, 2011], [Docket No. 106; Filed January 28, 2011], and [Docket Nos. 107-108; Filed January 31, 2011] (collectively, the "Affidavits"). On January 6, 2011, I recommended that Defendants be awarded their reasonable expenses incurred in preparing for and attending the December 16, 2010 Scheduling Conference which Plaintiffs failed to prepare for or attend. *Recommendation* [#96] at 9-10. The Recommendation remains pending. Pursuant to the Recommendation, I ordered Defendants to submit affidavits and information detailing

their reasonable fees and costs incurred.  *Id.* at 10.  Defendants have now done so.[1]

Defendants Rothenberg, M.D. and Yoder, M.D. aver that they incurred $474.50.  *Affidavit* [#97] at 2.  Defendant Gannuch, M.D. avers that he incurred $809.00.  *Affidavit* [#98] at 3.  Defendants Gewinner, M.D., Toney, M.D., and Johnson, M.D. aver that they incurred $437.50.  *Affidavit* [#100] at 3.  Defendant Romero, M.D. avers that he incurred $597.50.  *Affidavit* [#103] at 3.  Defendants HCA-HealthONE LLC, HCA-HealthONE LLC, d/b/a Rose Medical Center, Robedee, R.N, Giek, R.N., Cipri, Hiett, R.N., Malecki, Jaskunas, C.N., Gray, R.N., and Smith, R.N. aver that they incurred $151.00.  *Affidavit* [#104] at 3.  Defendant Tyson, M.D. avers that he incurred $951.25.  *Affidavit* [#106] at 2.  Defendant Roth, M.D. avers that he incurred $555.00.  *Affidavit* [#107] at 2.  Defendant Blyth, M.D. avers that he incurred $952.00.  *Affidavit* [#108] at 2.  Defendants' expenses range from $151.00 to $952.00 in preparing for and attending the December 16, 2010 Scheduling Conference.  In total, Defendants seek **$4927.75** in expenses.

Pursuant to the Recommendation, the Court also set a deadline for Plaintiffs to respond to Defendants' Affidavits.  *Recommendation* [#96] at 10.  As has been the case for several months now, Plaintiffs have not responded to the Court's Order.  Their deadline for doing so has now expired and they have raised no objection to the reasonableness of Defendants' claimed expenses.  Having considered the relevant pleadings and being fully advised, the Court recommends that in conjunction with dismissal of Plaintiffs' case as a sanction, Defendants be awarded their reasonable expenses as detailed below.

---

[1] Although Affidavits Nos. 106-108 were not filed within the deadline set by the Recommendation, the Court *sua sponte* extended the deadline to January 31, 2011 to enable several Defendants to correct deficiencies in their timely-filed Affidavits [Docket No. 105].

Pursuant to D.C.COLO.LCivR 54.3B., a party seeking an award of fees must provide "a detailed description of the services rendered, the amount of time spent, the hourly rate, and the total amount claimed; and a summary of the relevant qualifications and experience." Defendants have submitted Affidavits of counsel indicating their hourly rate and the amount of time spent in preparing for and attending the December 16, 2010 Scheduling Conference. The Affidavits also contain a summary of counsel's qualifications. As per these documents, Defendants have incurred attorneys' fees in the amount of $4927.75. None of the Defendants appear to seek reimbursement for any costs. I find that Defendants have provided sufficient documentation to allow an award to be determined.

A party seeking an award of attorneys' fees must demonstrate that the fees he seeks are reasonable. *See Dewey v. Hewlett Packard Co.*, No. 05-cv-01482-REB-MJW, 2007 WL 707462, at *1 (D. Colo. Mar. 5, 2007) (unpublished decision). Therefore, counsel must make a good faith effort to exclude hours or costs that are "excessive, redundant or otherwise unnecessary." *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983). Generally, the starting point for any calculation of a reasonable attorneys' fee is the "lodestar," that is, the number of hours reasonably expended multiplied by a reasonable hourly rate. *Hensley*, 461 U.S. at 433; *Malloy v. Monahan,* 73 F.3d 1012, 1017-18 (10th Cir.1996). The Court is not required to reach a lodestar determination in every instance, however, and may simply accept or reduce a fee request within its discretion. *Hensley*, 461 U.S. at 436-37.

As noted above, Plaintiffs failed to advance any argument in relation to the reasonableness of Defendants' claimed expenses. My review of the Affidavits reveals a measured approach by the majority of Defendants to minimize expenses in preparing for and attending the Scheduling Conference. Moreover, none of the hourly rates appear to

be out of line with what attorneys in this area commonly charge. However, at first blush, the Court notes that several Defendants' claimed expenses appear to be high in comparison to the others and considering the amount of time a party could be reasonably expected to expend under these circumstances. While the Court would have benefitted from a more detailed description of each attorney's work, it appears that the difference in claimed expenses relates to fluctuation among hourly rates, the number of counsel each Defendant employed, and certain counsel taking the lead in drafting the proposed scheduling order. In the absence of any specific objections, and from my independent review, I find that none of the claimed expenses are clearly subject to reduction or elimination. As such, I conclude that the Defendants' claimed expenses are reasonable. Accordingly,

IT IS HEREBY **RECOMMENDED** that Plaintiff's counsel Charles R. Free be ordered to reimburse Defendants for their expenses as set forth below:

Defendants Rothenberg, M.D. and Yoder, M.D. – **$474.50** [#97];

Defendant Gannuch, M.D. – **$809.00** [#98];

Defendants Gewinner, M.D., Toney, M.D., and Johnson, M.D. – **$437.50** [#100];

Defendant Romero, M.D. – **$597.50** [#103];

Defendants HCA-HealthONE LLC, HCA-HealthONE LLC, d/b/a Rose Medical Center, Robedee, R.N, Giek, R.N., Cipri, Hiett, R.N., Malecki, Jaskunas, C.N., Gray, R.N., and Smith, R.N. – **$151.00** [#104];

Defendant Tyson, M.D. – **$951.25** [#106];

Defendant Roth, M.D. – **$555.00** [#107]; and

Defendant Blyth, M.D. – **$952.00** [#108].

IT IS FURTHER **RECOMMENDED** that Plaintiffs' counsel be ordered to remit payment to counsel for each Defendant within fourteen (14) days of resolution of the Recommendation.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the district judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: February 11, 2011

BY THE COURT:

s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge